KENTUCKY BAR
ASSOCIATION, Movant,

v.

J. Stewart WHEELER, Respondent.

No. 90–SC–796–KB.

Supreme Court of Kentucky.

May 9, 1991.

Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for movant.

Joe Stewart Wheeler, Russellville, for respondent.

## OPINION AND ORDER

The Motion of the Kentucky Bar Association for Reconsideration pursuant to CR 76.38 to provide for publication and for Wheeler to notify all courts and clients, is granted and the Order of this Court of January 17, 1991, is withdrawn and this Opinion and Order is substituted in its place.

The Inquiry Tribunal brought a fourteen (14) count charge against respondent. Respondent filed a *pro se* response. As there were questions of fact presented, a Trial Commissioner was duly appointed. In his Report the Trial Commissioner noted that the hearing lasted two days and that there were more than 500 pages of sworn testimony.

In their Findings of Fact and Conclusions of Law the Board of Governors found respondent guilty on six counts, as follows:

Counts II, III and VI relate to a conversation which respondent had with a witness in a pending criminal matter:

"Count II alleges a violation of DR 1–102(A)(5), which prohibits conduct prejudicial to the administration of justice.

Count III alleges a violation of DR 1–102(A)(6), which forbids an attorney from engaging in conduct that adversely reflects on his fitness to practice law.

. . . .

Count VI alleges a violation of SCR 3–160(1), which prohibits unethical or unprofessional conduct tending to bring the Bench and Bar into disrepute."

Counts IX, XIII and XIV relate to respondent's preparation of an Affidavit for a witness in a criminal proceeding to execute and file:

"Count IX alleges a violation of DR 1–102(A)(6), which prohibits conduct adversely reflecting on an attorney's fitness to practice law.

. . . .

Count XIII alleges a violation of DR 7–102(A)(7), which prohibits a lawyer from counseling or assisting his client in conduct that the lawyer knows to be illegal and fraudulent.

Count XIV alleges a violation of SCR 3–13.130(1), which prohibits an attorney from engaging in conduct tending to bring the Bench and Bar into disrepute."

After considering the record and listening to oral arguments, the Board of Governors recommended that respondent be suspended from the practice of law for a period of one (1) year.

The charges against respondent arose from his misconduct in connection with his representation of James and Revena Bilbrey in a criminal matter.

An individual by the name of Sammy Rochelle was arrested by Kentucky State Police detectives and charged with possession of two (2) pounds of marijuana. Rochelle advised the police that he had stolen the marijuana from a certain location in Logan County. Rochelle signed an Affidavit that he had been to the Bilbrey property and had stolen approximately two (2) pounds of marijuana. A warrant to search the Bilbrey property was obtained based upon Rochelle's Affidavit. Kentucky State Police went to the Bilbrey property armed with the search warrant and found seven (7) pounds of marijuana. James Bilbrey was charged with trafficking in marijuana over five (5) pounds and his wife, Revena Bilbrey, and her sister were charged with possession of marijuana.

The Bilbreys retained respondent to defend them.

Respondent met with Sammy Rochelle who was, at the time, "wired" by the Kentucky State Police so that their conversation could be recorded. During the course of this conversation, Rochelle advised respondent on at least four occasions that he had gone to the Bilbreys property and stolen marijuana. Respondent told Rochelle that it would be worth untold sums to the Bilbreys if Rochelle would not admit going to the Bilbreys' residence, and if he would sign an Affidavit that his original Affidavit in support of the search warrant was incorrect. Respondent told Rochelle he would have Jim Bilbrey contact him and that the respondent did not want to know anything about their discussion. At no time did Rochelle advise respondent that the Affidavit he had executed in support of the search warrant was based upon false information.

Rochelle spoke with the Bilbreys, who contacted respondent to have him prepare a new Affidavit indicating Rochelle's previous Affidavit was materially false. A new Affidavit was prepared, the Bilbreys brought it to Rochelle for his signature and respondent's secretary notarized the Affidavit. This subsequent Affidavit was filed in court in support of the Bilbreys' motion to reconsider the prior motion to suppress evidence.

Respondent was indicted by the Warren County Grand Jury for bribing a witness by complicity, for perjury in the first degree by complicity, and criminal solicitation to commit perjury in the first degree. The indictment was later dismissed because the Commonwealth Attorney did not believe he could obtain a conviction as to respondent. However, the Bilbreys were convicted of bribery charges.

Respondent has not filed a notice of review. We hereby adopt the decision of the Board of Governors. Respondent, J. Stewart Wheeler, is suspended from the practice of law for a period of one (1) year effective January 17, 1991; he is hereby ordered to comply with SCR 3.390, to notify all courts in which he has cases pending and all of his clients of his suspension, and his inability to represent them. Respondent is directed to pay the costs of this action.

ENTERED: May 9, 1991.

/s/Robert F. Stephens
Chief Justice